# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| FLORA B. JONES, | : | Case No. 3:18-cv-314 |
| --- | --- | --- |
| Plaintiff, | : : : | District Judge Thomas M. Rose |
| vs. | : | Magistrate Judge Sharon L. Ovington |
| CHIEF JUSTICE MAUREEN O'CONNOR, *et al.*, | : : : : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

## I. INTRODUCTION

Over 14 years ago, in January 2005, Michael Jones sustained injuries in a tragic car accident. He filed a personal-injury lawsuit against Mr. Rosemont, the driver of the car that caused the accident, and Patricia Upton, the owner of the car. He alleged that Mr. Rosemont negligently failed to yield the right of way and Ms. Upton negligently entrusted her vehicle to Mr. Rosemont.[2] Unfortunately, in November 2007, before his case was resolved, Mr. Jones passed away.[3] Flora Jones, Mr. Jones's mother and administrator of his estate, was substituted as plaintiff.

Over the next 11 years, Ms. Jones brought 6 new lawsuits—this is the seventh—related to the accident, wrongful death of her son, and alleged improper conduct by the judges, courts, and attorneys.

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.
[2] Complaint, *Jones v. Rosemont*, 2006 CV 01433 (C.P. Montgomery Cnty. Feb. 23, 2006).
[3] Suggestion of Death, *Jones*, 2006 CV 01433 (Dec. 21, 2007).

This case is before the Court upon Defendants Chief Justice Maureen O'Connor, Ohio Second District Court of Appeals, and State of Ohio's Combined Motion to Dismiss (Doc. #4) and Plaintiff's Response (Doc. #7).

## II. BACKGROUND

The history of these cases is important to understanding Ms. Jones's position in the present case. After her son passed away, Ms. Jones, as administrator of his estate, continued his case in the Montgomery Court Common Pleas Court. However, after years of litigation, upon Plaintiff's Motion for Voluntary Dismissal Pursuant to Ohio Civil Rule 41(A)(2), Judge Gregory F. Singer dismissed the case and instructed Ms. Jones that she must file a new cause within one year. Entry, *Jones v. Rosemont*, 2006 CV 01433 (C.P. Montgomery Cnty. Oct. 6, 2010) (ID 15509233).

Just in time, on October 5, 2011, Ms. Jones filed a new complaint against Mr. Rosemont and Ms. Upton alleging personal injuries and wrongful death. Complaint, *Jones v. Rosemont* (*Jones II*), 2011 CV 07158 (C.P. Montgomery Cnty. Oct. 5, 2011) (ID 16544954). But, when Ms. Jones did not respond to Defendants' Motion to Dismiss, Judge Singer dismissed the case for want of prosecution without prejudice. Order of Dismissal, *Jones II*, 2011 CV 07158 (June 8, 2012) (ID 17239546). In April 2014, Ms. Jones filed a motion asking the Court to reconsider the dismissal of her case and add defendants. Motion to Reconsider & Add Party Defendants, *Jones II*, 2011 CV 07158 (April 21, 2014) (ID 19035234). Judge Singer denied her motion. Order and Entry, *Jones II*, 2011 CV 07158 (June 3, 2014) (ID 19149414).

Meanwhile, in May 2013, Ms. Jones filed a new complaint alleging personal injury and wrongful death. Complaint, *Jones v. Rosemont (Jones III)*, 2013 CV 03278 (C.P. Montgomery Cnty. May 31, 2013) (ID 18190948). Judge Singer sustained Ms. Upton's Motion to Dismiss—with prejudice; he overruled Mr. Rosemont's Motion to Dismiss. *Jones III*, 2013 CV 03278 (June 26, 2013) (ID 18262047). The case was then transferred to Judge Krumholtz and, shortly thereafter, he sustained Mr. Rosemont and Ms. Upton's Motion for Summary Judgment. Transfer of Assignment, *Jones III*, 2013 CV 03278 (July 18, 2013) (ID 18314818); Decision, Order and Entry, *Jones III*, 2013 CV 03278 (August 7, 2013) (ID 18367167). Judge Krumholtz found, "Defendants have established that Mr. Jones did not suffer any injury as a result of the January 17, 2005 motor vehicle accident. In addition, Defendants[] established that Mr. Jones' death was not caused as a result of the alleged negligence of Mr. Rosemont …." Decision, Order and Entry, *Jones III*, 2013 CV 03278, at *5 (August 7, 2013) (ID 18367167). Instead, Mr. Jones had leg pain as a result of diabetes and peripheral neuropathy, and his cause of death was "presumed Myocardial Infarction due to having Type II Diabetes for ten years." *Id.*

Ms. Jones was not deterred. In June 2014, she filed a new complaint against Mr. Rosemont, Ms. Upton, and—a new defendant—Project Cure, Inc. Complaint, *Jones v. Upton*, 2014 CV 03402 (C.P. Montgomery Cnty. June 9, 2014) (ID 19163510). Judge Singer granted Defendants Upton and Rosemont's Motion to Dismiss, noting that the "rights and responsibilities of the parties have been adjudicated on the merits …." Order and Entry, *Upton*, 2014 CV 03402 (June 24, 2014) (ID 19204520). Two months later, he

3

granted Defendant Project Cure's Motion to Dismiss because Ms. Jones filed her claim outside the statute of limitations, and her complaint "does not state facts or set forth elements which would adequately put Defendant Project Cure on notice of Plaintiff's claims." Order and Entry, *Upton*, 2014 CV 03402 (Aug. 14, 2014) (ID 19348510).

Plaintiff appealed both decisions. The Ohio Second District Court of Appeals affirmed Judge Singer's decision to grant Defendant Project Cure's Motion to Dismiss. *Jones v. Upton*, 2015-Ohio-1044, at ¶¶ 14-19, CA 26311, CA 26375 (Ohio Ct. App. March 20, 2015). However, the Court of Appeals found that, in deciding Defendant Upton and Rosemont's Motion to Dismiss, Judge Singer relied on facts outside the pleadings, effectively converting it into a motion for summary judgment. Because the Court did not provide notice of the change and ruled on the motion so quickly (7 days) after it was filed, the Court of Appeals reversed the trial court's judgment and remanded the case for further proceedings. *Id.* at ¶¶ 9-13.

Upon remand, Defendants Upton and Rosemont filed a motion for summary judgment. *Upton*, 2014 CV 03402 (May 12, 2015) (ID 28329393). The case was transferred to Judge Michael W. Krumholtz, and he sustained their motion for summary judgment. Transfer of Assignment, *Upton*, 2014 CV 03402 (June 8, 2015) (ID 28418252); Decision, Order and Entry, *Upton*, 2014 CV 03402 (July 1, 2015) (ID 28502216). Plaintiff appealed and the Court of Appeals affirmed Judge Krumholtz's decision. *Jones v. Upton*, 2016-Ohio-427, CA 26778 (Ohio Ct. App. Feb. 5, 2016).

Why did so many of Ms. Jones's cases get transferred to a new judge? Because in May 2015, Ms. Jones initiated a case against Judge Gregory F. Singer, alleging a

"violation of [her] civil right[s], due process of the law, malice intent." Complaint, *Jones v. Singer*, 2015 CV 02775, (C.P. Montgomery Cnty. May 26, 2015) (ID 28374329). In April 2016, Judge Crawford granted Judge Singer's Motion to Dismiss on the basis of judicial immunity. Decision Granting the Motion to Dismiss, *Singer*, 2015 CV 02775 (April 14, 2016) (ID 29488895). Ms. Jones appealed. But, the Court of Appeals dismissed her appeal because there was no final judgment entry and thus, the decision was not a final appealable order. *Jones v. Singer*, CA 027106, (Ohio Ct. App. June 13, 2016). After final judgment was entered, Ms. Jones did not file a new appeal.

Ms. Jones did, however, file a new claim—this time against Edward T. Mohler (Mr. Rosemont and Ms. Upton's lawyer in earlier cases), Montgomery County Common Pleas Court, and Judge Michael W. Krumholtz. Complaint, *Jones v. Mohler*, 2015 CV 03537 (C.P. Montgomery Cnty. July 8, 2015) (ID 28524316). Mr. Mohler filed a counterclaim, requesting the Court declare Ms. Jones a vexatious litigator under O.R.C. § 2323.52. Defendant Mohler's Answer to Complaint & Counterclaim, *Mohler*, 2015 CV 03537 (Sept. 18, 2015) (ID 28781284).

Defendants Montgomery County Common Pleas Court and Judge Krumholtz filed a motion to dismiss and Defendant Mohler filed a motion for summary judgment—almost all of which Judge Krumholtz granted. Decision Granting Motions to Dismiss and Summary Judgment, *Mohler*, 2015 CV 03537 (April 12, 2016) (ID 29478252). There was one exception: The Court denied Defendant Mohler's motion for summary judgment regarding his counterclaim and explained,

> In the counterclaim, Defendant seeks to have Plaintiff declared a vexatious litigator pursuant to Rec. Code 2323.52. While it appears to the Court that Plaintiff has pursued too many actions dealing with the same subject matter, the Court believes she honestly believes she has been wronged by the system and the people in it. The Court does not believe there is any malice intended by her persistent efforts to seek the justice she believes she is entitled to. Plaintiff, acting pro se, does not understand Civ. R. 41 (voluntary dismissals) nor does she understand that if Mr. Jones' doctor testified that the actions of the defendants were not the proximate cause of Mr. Jones' death, she has no case. She never had a case.

*Id.* at 7. But, Judge Crawford cautioned Ms. Jones:

> The Court will advise Plaintiff that the law of the State of Ohio is that if your case is dismissed on the merits, as this case was, your only remedy is to appeal. If you do not appeal the dismissal you can no longer pursue the case. That doctrine is called res judicata. The Plaintiff is advised that she can appeal this decision but she is not permitted to refile her wrongful death action or action against these dismissed parties without a favorable ruling from the Court of Appeals. If she re-files any of these actions, a finding of a vexatious litigator will be considered by the Court.

*Id.* at 8. Mr. Mohler filed a motion for reconsideration which the Court denied. Order Denying Defendant's Motion to Reconsider, *Mohler*, 2015 CV 03537 (C.P. Montgomery Cnty. April 21, 2016) (ID 29516577).

Ms. Jones appealed in May 2016, and the Court of Appeals affirmed the trial court's judgment. *Jones v. Mohler*, 2017-Ohio-2683, CA 027105, 2017 WL 1788695 (Ohio Ct. App. May 5, 2017). Undeterred, Plaintiff appealed to the Ohio Supreme Court. The Supreme Court declined jurisdiction. *Jones v. Mohler*, 2017-Ohio-7843, 150 Ohio St. 3d 1445 (Sept. 27, 2017) (case announcements).

Ms. Jones did not stop with the state courts. In April 2016, in the United States District Court for the Southern District of Ohio, she brought claims against Judge Michael W. Krumholtz, Mike S. Mobley, Edward T. Mohler, Montgomery County Common Pleas Court, Raymond W. O'Neal, Augustus J. Rosemont, III, Gregory F Singer, and Patricia A. Upton under 42 U.S.C. § 1983, alleging she was deprived of her right to due process and trial by jury. Complaint, *Jones v. Singer*, 3:16-cv-142, Doc. #1, *PageID* #s 1-30 (S.D. Ohio April 14, 2016). In October 2016, United States Magistrate Judge Michael J. Newman recommended that Defendants' motions to dismiss be granted and Ms. Jones's case dismissed. District Judge Thomas M. Rose overruled Ms. Jones's objections and adopted Judge Newman's recommendations, terminating the case. *Jones v. Singer*, 3:16-cv-142, 2017 WL 175798 (S.D. Ohio Jan. 17, 2017).

But, refusing to give up, Ms. Jones filed the case presently before the Court.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows for motions asserting lack of subject-matter jurisdiction. "Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods., Inc. v. Steel Peel Litig. Trust*, 491 F.3d 320, 330 (6th Cir. 2007) (citation omitted). A facial attack challenges the sufficiency of the complaint's assertion of subject-matter jurisdiction. *Id.* When countering a facial attack, "the plaintiff's burden to prove subject matter jurisdiction is not onerous." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996). The allegations in the complaint are taken as true, and "[i]f those allegations establish federal claims, jurisdiction exists." *Gentek*, 491

7

F.3d at 330. "Where, on the other hand, there is a factual attack on the subject-matter jurisdiction alleged in the complaint, no presumptive truthfulness applies to the allegations. When a factual attack ... raises a factual controversy, the district court must weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist." *Id.* (citations omitted).

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *See RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8, "A pleading that states a claim for relief must contain: ... a short and plain statement of the claim showing that the pleader is entitled to relief; and ... a demand for the relief sought...." This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (citations omitted); *see also Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) ("a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a

formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'") (quoting in part *Twombly*, 550 U.S. at 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929); *Adkisson v. Jacobs Eng'g Grp., Inc.*, 790 F.3d 641, 647 (6th Cir. 2015) ("when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must 'construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true.'") (quoting *Laborers' Local 265 Pension Fund v. iShares Trust*, 769 F.3d 399, 403 (6th Cir. 2014)).

IV.  **DISCUSSION**

Defendants Chief Justice Maureen O-Connor, Ohio Second District Court of Appeals, and State of Ohio assert the Eleventh Amendment and judicial immunity bar Plaintiff's claims. Further, they contend that she fails to state a claim for relief.

A. **Eleventh Amendment**

The Eleventh Amendment "'bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens.'"[4] *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury,* 987 F.2d 376, 381 (6th Cir.1993)). This includes state courts. *Howard v. Commonwealth of Virginia*, 8 F. App'x 318, 319 (6th Cir. 2001) ("A state court is an arm of the state, entitled to Eleventh Amendment

---

[4] There are three primary exceptions to this general rule: (1) "a State may consent to suit"; (2) "Congress may abrogate a State's immunity"; or (3) under *Ex Parte Young*, 209 U.S. 123 (1908), "plaintiffs [may] bring claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations." *Grogg v. State*, No. 18-5794, 2019 WL 386973, at *2 (6th Cir. Jan. 7, 2019) (citing *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011)). Ohio has not consented to the present suit. Congress has not abrogated Ohio's immunity. Finally, Plaintiff does not seek prospective relief; she seeks monetary damages.

immunity.") (citing *Mumford v. Basinski,* 105 F.3d 264, 267-70 (6th Cir. 1997)). It also includes state officials sued in their official capacity because, "a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989) (citing *Brandon v. Holt,* 469 U.S. 464, 471, 105 S.Ct. 873, 877 (1985)). "As such, it is no different from a suit against the State itself." *Id.* (citing *Kentucky v. Graham,* 473 U.S. 159, 165-66, 105 S.Ct. 3099, 3104-05 (1985); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55 (1978)).

In the present case, the Eleventh Amendment bars all of Plaintiff's claims against Chief Justice Maureen O'Connor for the Supreme Court of Ohio,[5] the Second District Court of Appeals of Ohio, and the State of Ohio. *See Metz v. Supreme Court of Ohio*, 46 F. App'x 228, 236-37 (6th Cir. 2002) ("Plaintiff's claims against the Supreme Court of Ohio and its officials are barred by the Eleventh Amendment.") (citing *Federal Maritime Comm'n v. South Carolina State Ports Auth.,* 535 U.S. 743, 122 S.Ct. 1864 (2002); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900 (1984); *Hunter v. Hamilton Cty.*, No. 1:15-CV-540, 2016 WL 1718833, at *5 (S.D. Ohio Apr. 28, 2016), *report and recommendation adopted*, No. 1:15CV540, 2016 WL 4836810 (S.D. Ohio Sept. 15, 2016) ("Because a 'judgment against the Courts would be a judgment against the State of Ohio,' the First District Court of Appeals of Ohio is an arm of the

---

[5] Given Plaintiff's phrasing—"Chief Justice Maureen O'Connor for the Supreme[] Court of Ohio"—she is presumably suing Chief Justice O'Connor in her official capacity. There is no suggestion from Plaintiff's Complaint that she seeks damages from Justice O'Connor in her individual capacity.

10

state for purposes of the Eleventh Amendment immunity, and a suit against the judges of that court in their official capacities is a suit against the state of Ohio.") (quoting *Rowser v. Ohio,* No. 5:12-cv-0610, 2013 WL 123784, at *10 (N.D. Ohio Jan. 9, 2013)) (citing *Metz,* 46 F. App'x at 236-37); *Helfrich v. Markus,* No. 2:12-cv-736, 2013 WL 317031, at *3 (S.D. Ohio Jan. 28, 2013) (suit against judges of Fifth District Court of Appeals of Ohio in their official capacities barred by Eleventh Amendment immunity) (other citations and footnote omitted)).

### B. Absolute Judicial Immunity

To the extent Plaintiff asserts claims against Chief Justice Maureen O'Connor in her individual capacity, "'[i]t is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions.'" *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) (quoting *Brookings v. Clunk,* 389 F.3d 614, 617 (6th Cir. 2004)). However, "A judicial officer will not be immune in two circumstances: (1) where the judicial officer acts in a non-judicial capacity; or (2) where the judicial officer acts in the complete absence of all jurisdiction." *Mischler v. Clary*, No. 16-6184, 2017 WL 3220478, at *3 (6th Cir. May 16, 2017) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)). There are two factors to consider when determining whether an action is undertaken in a judicial capacity: "First, a court must determine whether an act is related to those general functions that are normally performed by a judicial officer." *Cooper v. Parrish*, 203 F.3d 937, 945 (6th Cir. 2000) (citing *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099 (1978)). "Second, a court must assess whether the parties expected to deal with the judicial officer in the officer's judicial capacity." *Id.*

11

Plaintiff's allegations regarding Chief Justice O'Connor are limited. She alleges, "It is the Jurisdiction of the Supreme Court of Ohio and Chief Justice Maureen O'Connor to handle anything that goes on in Ohio. Instead she sen[t] this retired judge in by the name of Dale A. Crawford to try and clean-up this mess …." (Doc. #1, *PageID* #19); *see* Doc. #1, *PageID* #3 ("The Supreme Court of Ohio Chief Justice Maureen O'Connor sent this retired judge in by the name of Dale A. Crawford to clean up this mess that Judge Gregory F. Singer allow[ed] all of these defendants to make."). Plaintiff's other references to Chief Justice O'Connor are requests for action. For instance, Plaintiff states, "Chief Justice Maureen O'Connor needs to pull the [records] [of] this case 2015-cv-03537 …." *Id.* at 19. "I am asking the Chief Justice to pull my [cases] that I file[d] and she will see what I said and what I did not say." *Id.* at 18.

Plaintiff's broad allegation about jurisdiction is an incorrect statement of law. Under the Ohio Constitution, Article IV, § 5, "the supreme court shall have general superintendence over all courts in the state. Such general superintending power shall be exercised by the chief justice in accordance with rules promulgated by the supreme court." Although the court's jurisdiction may be extensive, it has limits and does not allow the Court or its Chief Justice "to handle anything that goes on in Ohio."

Turning to Plaintiff's next allegation, public records confirm that Chief Justice O'Connor did assign Dale Anthony Crawford, a retired judge from Franklin County Court of Common Pleas, to three of Plaintiff's cases—2015-CV-2381, 2015-CV-3537, and 2015-CV-2775. Certificate of Assignment, *Jones v. Mohler*, 2015 CV 03537 (C.P. Montgomery Cnty. Sept. 25, 2015 (ID 28807020). This was in response to a Request for

Disqualification by Judge Mary Wiseman, asking that the case be referred to a visiting judge for full case disposition because Plaintiff had civil actions against seated judges and the Montgomery County Common Pleas Court. Request for Disqualification, *Jones v. Mohler*, 2015 CV 03537 (August 14, 2015) (ID 28659523).

These actions were performed by Chief Justice O'Connor in her judicial capacity. Indeed, as Chief Justice of the Supreme Court of Ohio, it was her duty to assign a new judge to the case. *See* Ohio Const. Article IV, § 5 ("The chief justice …, as necessity arises, shall assign any judge of a court of common pleas or a division thereof temporarily to sit or hold court on any other court of common pleas or division thereof or any court of appeals … and upon such assignment said judge shall serve in such assigned capacity until the termination of the assignment."). Because all of Chief Justice O'Connor's actions, as alleged by Plaintiff, were undertaken in her official capacity, she is entitled to absolute judicial immunity.

### C. Claims for Relief

Defendants contend that Plaintiff—whether under state or federal law—fails to state a claim for relief.

Plaintiff's claims are somewhat perplexing. Her first claim recounts her son's car accident. She alleges, "Defendant Rosemont wrongfully and negligently operated his motor vehicle by failing to yield the right of way." (Doc. #1, *PageID* #15). Her second claim concerns her son's death. She alleges, "The negligence of Defendants Augustus J. Rosemont III and Patricia Upton was the direct cause of Michael E. Jones loss of life." *Id.* at 16. These claims are confounding for two reasons. First, Ms. Jones did not name

13

Mr. Rosemont or Ms. Upton as defendants in the present action. Second, Ms. Jones is barred from bringing a negligent-entrustment claim and/or a wrongful-death claim against Mr. Rosemont and Ms. Upton because she brought those very claims against those defendants in the Montgomery County Common Pleas Court and Judge Michael W. Krumholtz granted Defendants' motion for summary judgment. Decision, Order and Entry, *Upton*, 2014 CV 03402 (July 1, 2015) (ID 28502216). Plaintiff appealed and the Court of Appeals affirmed Judge Krumholtz's decision. *Jones v. Upton*, 2016-Ohio-427, CA 26778 (Ohio Ct. App. Feb. 5, 2016). Ms. Jones did not appeal to the Ohio Supreme Court.

These claims, however, are only a small portion of Ms. Jones's Complaint. Generally, her remaining allegations can be divided into two overarching themes. First, she alleges a conspiracy to stop her cases from proceeding for political reasons involving Mr. Rosemont's father, A.J. Big Wolf; and casinos in Ohio. (Doc. #1, *PageID* #7-8, 18, 24-25). Ms. Jones insists, "it is a cover-up to stop my cases from going before a jury." *Id.* at 7. She claims these actions violate her constitutional rights: "The constitution said I have a right to [be] heard by a jury and every case I have had, [has] been ran around court so a jury can't [hear] my cases." *Id.* at 17. Ms. Jones "demands Judgment against all the defendants that [were] involved in the wrongful death case also the Chief Justice Maureen O'Connor, Second [appellate] District and the State of Ohio jointly in the excess of 15 million dollars." *Id.* at 21.

Second, she has had difficulty determining who has jurisdiction of her cases. She alleges that she contacted Mayor Nan Whaley; the Ohio State Bar; the Ohio Board of

Professional Conduct; Court of Appeals of Ohio, Second Appellate District, Montgomery County; Governor Kasich; Senator Sherrod Brown; Congressman Mike Turner; and Attorney General Mike DeWine, but, "no one will take jurisdiction" of her cases. *Id.* at 13. Instead, she alleges, the Court of Common Pleas has retained jurisdiction of her cases because other courts—including the Ohio Supreme Court—have refused to address her claims. *Id.* at 12. She queries, "When a Supreme Court of a state refuse[s] to address this what is a person to do but sue[?]" *Id.* at 12. "It is the Jurisdiction of the Supreme Court of Ohio and Chief Justice Maureen O'Connor to handle anything that goes on in Ohio. Instead she sen[t] this retired judge in by the name of Dale A. Crawford to try and clean-up this mess …." *Id.* at 19.

To the extent Plaintiff seeks to bring wrongful-death and/or negligent-entrustment claims under Ohio law against Chief Justice O'Connor, the Second District Court of Appeals, and the Montgomery County Common Pleas Court, she fails to state a plausible claim for relief. As explained in more detail above, Defendants are immune from suit under the Eleventh Amendment.

Turning to federal law, Plaintiff alleges, presumably under 42 U.S.C. § 1983, Defendants denied her due process of law and violated her Seventh Amendment right to have her case heard by a jury. (Doc. #1, *PageID* #s 17, 19); (Doc. #7, *PageID* #65); *see Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) ("'A § 1983 claim must satisfy two elements: 1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law.'") (quoting *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995)). The Seventh

Amendment provides for a trial by jury in some civil cases. U.S. Const. amend. VII ("In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law."). That right, however, is not violated when a court grants a motion to dismiss or motion for summary judgment. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 373 n.3 (6th Cir. 2009) ("it is well settled that 'summary judgment does not violate the Seventh Amendment.'") (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 336, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979)); *Estate of Barnwell v. Grigsby*, No. 3:13-CV-00124, 2018 U.S. Dist. LEXIS 60606, at *4-5 (E.D. Tenn. Apr. 10, 2018) ("it has long been settled that the entry of judgment as a matter of law before the case reaches the jury does not violate the Seventh Amendment's guarantee.") (citing *Weisgram v. Marley Co.*, 528 U.S. 440, 449-50, 120 S. Ct. 1011, 145 L. Ed. 2d 958 (2000); *Neely v. Martin K. Eby Constr. Co.*, 386 U.S. 317, 321, 87 S. Ct. 1072, 18 L. Ed. 2d 75 (1967); *Galloway v. United States*, 319 U.S. 372, 389 n.19, 63 S. Ct. 1077, 87 L. Ed. 1458 (1943)). Further, as explained above, Defendants are immune from suit.

Plaintiff requests that District Judge Thomas M. Rose be removed from the case because he dismissed her previous civil-rights case. (Doc. #7, *PageID* #55). However, she has not followed the requirements set forth in 28 U.S.C. § 144 ("Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but

another judge shall be assigned to hear such proceeding."). Accordingly, at this time, Plaintiff's request lacks merit.

## **IT IS THEREFORE RECOMMENDED THAT**:

1. Defendants Chief Justice Maureen O-Connor, Ohio Second District Court of Appeals, and State of Ohio's Combined Motion to Dismiss (Doc. #4) be GRANTED; and

2. This case be dismissed.

April 8, 2019                                    *s/Sharon L. Ovington*
                                                               Sharon L. Ovington
                                                  United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).